United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50995
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS LUNA-CANO, also known as Miguel Luna-Ontiveros,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-534-ALL-FM
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Luna-Cano appeals his sentence for illegal reentry. He argues that (1) his sentence violates United States v. Booker, 125 S. Ct. 738 (2005), insofar as it was enhanced based on findings made by the district court relevant to his criminal history score; (2) his sentence violates Booker insofar as he was sentenced under the mandatory Sentencing Guideline regime; and (3) 8 U.S.C. § 1326(b)(1)&(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Both of Luna's <u>Booker</u> claims fail because he cannot show that the alleged errors affected his substantial rights. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, __F.3d__, 2005 WL 941353, at *4 (5th Cir. Apr. 25, 2005); <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>petition for cert. filed</u>, No. 04-9517 (U.S. Mar. 31, 2005). The sentencing and revocation hearing transcripts are silent regarding whether the district court would have reached a different conclusion had the Guidelines been advisory. Moreover, the facts that the district court imposed the minimum illegal reentry sentence and ran Luna's sentences concurrently are, standing alone, no indication that the court would have reached a different conclusion under an advisory scheme. <u>See</u> <u>United States v. Bringier</u>, 405 F.3d 310, 317 n.4 (5th Cir. 2005). Luna therefore cannot carry his burden of showing that the result likely would have been different had he been sentenced under the advisory scheme, and he cannot show plain error. <u>See</u> <u>Mares</u>, 402 F.3d at 522.

Luna correctly concedes that his <u>Apprendi</u> claim is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), <u>see</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), and he raises it solely to preserve its further review by the Supreme Court. We must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Id.</u> (internal quotation marks and citation omitted).

AFFIRMED.